| | | |
|---|---|---|
| WILTHA Z. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-65 |
| | ) | |
| KASHA BROWN, THOMAS MCNEILL, | ) | Judge Travis R. McDonough |
| GARY STARNES, AMANDA B. DUNN, | ) | |
| and K. SMITH, | ) | Magistrate Judge Susan K. Lee |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the Hamilton County Jail, has filed a complaint for violation of 42 U.S.C. § 1983 (Doc. 11), an amended complaint (Doc. 16), a motion for leave to proceed *in forma pauperis* (Doc. 12), a certificate with her inmate trust account information (Doc. 15), and a number of motions seeking relief related to a state criminal proceeding against her (Docs. 1, 2, 3, 4, 5, 6, 9, 10, 12, 17, 18). For the reasons set forth below, the Court will **GRANT** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 12) and **DISMISS** this action because Plaintiff's complaint and amended complaint fail to state a claim upon which § 1983 relief may be granted. Accordingly, Plaintiff's other pending motions (Docs. 1, 2, 3, 4, 5, 6, 9, 10, 12, 17, 18) will be **DENIED as moot**.

I. **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 12) and supporting documentation (Doc. 15) that she lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 12) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This memorandum and order shall be placed in Plaintiff's prison file and follow her if she is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court articulated

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under (28 U.S.C. §§ 1915(e)(2)(B) and 1915A) because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.  **Allegations**

In her original complaint (Doc. 11), Plaintiff sued Defendants Erlanger Nurse Kasha Brown and Demetrius Brown (*Id.* at 1, 3). Plaintiff alleged that the victim (presumably Defendant Kasha Brown) lied under oath and caused false charges against her (*Id.* at 3–4), and that the victim and her brother (presumably Defendant Demetrius Brown), kept her from getting mail so that they could commit fraud (*id.* at 4). As relief, Plaintiff sought only dismissal of the criminal case against her (*Id.* at 5).

Plaintiff subsequently filed a document that the Court construes as an amended complaint (Doc. 16). In this amended complaint, Plaintiff sues Erlanger Nurse Kasha Brown, Police Officer Thomas McNeill, Judge Gary Starnes, District Attorney Amanda Dunn, and Deputy Court Clerk K. Smith (*Id.* at 2–3). In the substantive portion of her amended complaint, Plaintiff first states that she seeks relief for violation of her *Miranda* rights and for claims of false arrest and false imprisonment (*Id.* at 3). She then asserts that Defendant McNeill never read her *Miranda* rights to her, "never inquired about the situation," and "made a false arrest" (*Id.* at 4). Plaintiff further alleges that her "bond was set way to[o] high," neither the clerk's office nor the judge will respond to her bond reduction motion, the courts deny all of her motions, she is imprisoned on false charges, she "was arrested for no reason," no one ever read her *Miranda* rights to her, and the "so[-]called victim" lied under oath in court (*Id.* at 4–6). Plaintiff also states that she has suffered mental stress and emotional scarring due to these events (*Id.* at 6). As relief, Plaintiff seeks dismissal of the criminal charges against her, release from county jail, arrest of the victim for perjury, a reasonable bond, a "true bill or no bill[] indictment," and GPS monitoring (*Id.*).

Plaintiff's pending motions seek relief from the criminal proceedings against her based on allegations that are substantively similar to those in her original and amended complaints (Docs. 1, 2, 3, 4, 5, 6, 9, 10, 12, 17, 18).[1]

---

[1] Specifically, in most of these motions, Plaintiff seeks different kinds of relief from the state criminal proceeding against her based on allegations that (1) the victim of the crimes with which she is charged lied under oath, and (2) she was never informed of her Miranda rights (Doc. 1 (motion for dismissal for failure of service); Doc. 2 (motion for abatement of legal action); Doc. 3 (motion for dismissal for want of prosecution); Doc. 4 (motion for dismissal with prejudice); Doc. 5 (motion for involuntary dismissal); Doc. 6 (motion for judgment of action/rule of law); Doc. 10 (motion for relief from judgment/dismiss or quash); Doc. 17 (motion for bond reduction/GPS

4

## C. Analysis

As set forth above, in this action, Plaintiff seeks § 1983 relief from state criminal charges against her, including release from her current custody (*See*, *generally*, Docs. 11, 16). But Plaintiff has not alleged that she will suffer any substantial, irreparable injury if this Court does not intervene in the state's criminal proceeding against her, and Plaintiff may raise her challenges to that criminal prosecution in the state court. As such, this Court will not intervene in the state's criminal proceedings against Plaintiff. *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (providing that, under the *Younger* doctrine, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury") (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum)).

Additionally, Plaintiff's request for release from her current custody is not cognizable under § 1983, as the exclusive federal remedy for a prisoner challenging the fact or duration of her confinement is a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

---

monitoring); and Doc. 18 (titled "writ of mandamus")). In some of these motions, Plaintiff also claims that the charges against her are false (Docs. 5, 6, 10, 17, 18).

Additionally, in the motions related to her bond, Plaintiff states that her bond is excessive and indicates that she seeks GPS monitoring (Docs. 17, 18). And in one of her motions, Plaintiff states in relevant part that a criminal defendant who successfully pursues a pretrial motion is not subjected to trial, she will need help learning the proper way to file paperwork under the rules of criminal procedure, and what she has submitted is true and complete "as far as she knows" under penalty of perjury (Doc. 9).

5

Accordingly, Plaintiff claims in her complaint and amended complaint are not cognizable under § 1983, this action will be **DISMISSED**, and Plaintiff's pending motions (Docs. 1, 2, 3, 4, 5, 6, 9, 10, 12, 17, 18) are **DENIED as moot**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 12) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. As Plaintiff has failed to state a claim upon which relief may be granted under § 1983, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

6. Plaintiff's pending motions (Docs. 1, 2, 3, 4, 5, 6, 9, 10, 12, 17, 18) are **DENIED AS MOOT** in light of this dismissal; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**